UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
LAMONT GRANT, TORRELL GRANT, TYRONE
PETERSON, DUANE SPENCER

                            Plaintiffs,

                -against-

POLICE OFFICERS JOSEPH IMPERATRICE,
(shield no. 03504); SPENCER GARRETT,
(shield no. 16468); JONATHAN BURKE, (shield
no. 04255) and "JOHN" and "JANE DOE" nos.
1-10, *individually and in their official capacities*
*(the names John and Jane Doe being fictitious,*
*as the true names are presently unknown)*,

                          Defendants.
------------------------------------------------------------------ X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs LAMONT GRANT, TORRELL GRANT, TYRONE PETERSON and DUANE SPENCER, by and through their attorney, **KENNETH F. SMITH, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

### NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

### JURY DEMAND

4. Plaintiffs demand a trial by jury in this action

## PARTIES

5. Plaintiffs Lamont Grant, Torrell Grant, Tyrone Peterson and Duane Spencer are or were residents of New York County or Kings County in the City and State of New York.

6. Defendant Police Officer Joseph Imperatrice, Shield No. 03504 ("Imperatrice"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Imperatrice is sued in his individual and official capacities.

7. Defendant Police Officer Spencer Garret, Shield No. 16468 ("Garrett"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Garrett is sued in his individual and official capacities.

8. Defendant Police Officer Jonathan Burke, Shield No. 04255 ("Burke"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Burke is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Does 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Does 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 3:00am on March 22, 2014, plaintiffs were lawfully in the home

of Mr. J.M.P.[1] at 240 Madison Street in New York, New York.

13.     When plaintiffs attempted to leave the building through the lobby, defendants stopped them without probable cause or reasonable suspicion to believe plaintiffs had committed any crimes or offenses.

14.     Defendant officers pushed and shoved plaintiffs about the area, causing them to be slammed into the walls.

15.     Without probable cause or reasonable suspicion to believe plaintiffs had committed any crime or offense, the plaintiffs were all arrested and taken to the 7th Precinct.

16.     At the precinct, at some point one of defendant officers kicked plaintiff's Peterson's legs out from under him while he was handcuffed, causing him to fall to the ground in a hard manner while being unable to effectively break his fall with his hands, causing great pan and soreness and compromised use of the hands for several weeks.

17.     At the precinct, plaintiffs were each subjected to intrusive and demeaning strip-searches.

18.     At no point did any defendant officers find anything illegal on any of the plaintiffs.

19.     After being detained for numerous hours at the precinct, the plaintiffs were taken to Central booking.

20.     At the precinct, the officers falsely informed employees of the New York County District Attorney's Office that they had observed plaintiffs commit various offenses, including obstructing governmental administration and disorderly conduct, and defendant officers also prepared false paperwork, including arrest reports.

---

[1] J.M.P., as well as others, D.P, A.F. and J.T. were also arrested as part of the same transaction that is the basis of the instant lawsuit. J.M.P., D.P., A.F. and J.T. brought suit in this Court against the instant defendants in the consolidated case 15-CV-2139 (SAS), which was settled in August of 2015.

21. At no point did defendant officers observe plaintiffs commit any crime or offense.

22. The charges against the plaintiffs were all dismissed in their entirety.

23. Plaintiffs suffered damages as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations.

## FIRST CLAIM
### Unlawful Stop and Search

24. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

25. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

26. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

27. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

29. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

30. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

31. By their conduct, as described herein, and acting under color of state law,

defendants are liable to plaintiffs under 42 U.S.C. § 1983 for the violation of their constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

32. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiffs of their constitutional rights. The prosecution by defendants of plaintiffs constituted malicious prosecution in that there was no basis for the plaintiffs' arrest, yet defendants continued with the prosecution, which was resolved in plaintiffs' favor.

33. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unreasonable Force

34. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

35. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

36. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial of Constitutional Right to Fair Trial

37. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

38. The individual defendants created false evidence against plaintiffs.

39. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

40. In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

41. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Unlawful Strip Search

42. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

43. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiffs to strip searches without legal justification.

44. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure to Intervene

45. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally, in an amount to be determined by a jury;

b. Punitive damages against the individual defendants, jointly and severally, in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

d. Such other and further relief as this Court deems just and proper.

Dated:  Brooklyn, New York
February 24, 2016

Respectfully submitted,

The Law Offices of
Kenneth F. Smith, PLLC
16 Court Street, Suite 2901
Brooklyn, NY 11241
(646) 450-9929
(646) 514-4524 (FAX)
*Counsel for Plaintiffs*