```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LAMONT GRANT, TORRELL GRANT, TYRONE
PETERSON, DUANE SPENCER                                    ANSWER TO COMPLAINT
                                                           BY IMPERATRICE,
                    Plaintiffs,                            GARRETT, AND BURKE

            -against-                                      16 Civ. 1449 (JMF)

POLICE OFFICERS JOSEPH IMPERATRICE,                        JURY TRIAL DEMANDED
(shield no. 03504); SPENCER GARRETT,
(shield no. 16468); JONATHAN BURKE, (shield
No. 04255) and "JOHN" and "JANE DOE" nos.
1-10, *individually and in their official capacities
(the names John and Jane Doe being fictitious,
as the true names are presently unknown)*,

                    Defendants.

------------------------------------------------------------------------ x
```

        Defendants Imperatrice, Garrett, and Burke, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

### AS TO "NATURE OF THE ACTION"

    1.    Deny the allegations set forth in paragraph "1" of the Complaint.

### AS TO "JURISDICTION AND VENUE"

    2.    Deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

    3.    Deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiffs purport to base venue as stated therein.

## AS TO "JURY DEMAND"

4. No response is required to paragraph "4" of the Complaint, as it is a demand for a trial by jury, and not an averment of fact.

## AS TO "PARTIES"

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Joseph Imperatrice is employed by the City of New York as a member of the New York City Police Department, and that Plaintiffs purport to proceed as stated therein.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that Spencer Garrett is employed by the City of New York as a member of the New York City Police Department, and that Plaintiffs purport to proceed as stated therein.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Jonathan Burke is employed by the City of New York as a member of the New York City Police Department, and that Plaintiffs purport to proceed as stated therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint. Defendants further state that the remainder of the allegations in paragraph "10" of the Complaint are conclusions of law, not averments of fact, and accordingly no response is required.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint. Defendants further state that the

remainder of the allegations in paragraph "11" of the Complaint are conclusions of law, not averments of fact, and accordingly no response is required.

## AS TO "STATEMENT OF FACTS"

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Plaintiffs were transported to Central Booking.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

## AS TO "FIRST CLAIM"

24. In response to paragraph "24" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

## AS TO "SECOND CLAIM"

27. In response to paragraph "27" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

## AS TO "THIRD CLAIM"

30. In response to paragraph "30" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

31. Deny the allegations set forth in paragraph "31" of the Complaint. Defendants further state that the remainder of the allegations in paragraph "31" of the Complaint are conclusions of law, not averments of fact, and accordingly no response is required.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

## AS TO "FOURTH CLAIM"

34. In response to paragraph "34" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

**AS TO "FIFTH CLAIM"**

37. In response to paragraph "37" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

**AS TO "SIXTH CLAIM"**

42. In response to paragraph "42" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

**AS TO "SEVENTH CLAIM"**

45. In response to paragraph "45" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

## AS TO "PRAYER FOR RELIEF"

49. No response is required to the final paragraph of the Complaint, entitled "Prayer for Relief," including all its subparts, as it is a prayer for relief, and not an averment of fact.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

50. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

51. Any injury alleged to have been sustained resulted from Plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

52. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have Defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

53. Defendants Imperatrice, Garrett, and Burke have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

54. At all times relevant to the acts alleged in the Complaint, defendants Imperatrice, Garrett, and Burke acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendants Imperatrice, Garrett, and Burke are entitled to governmental immunity from liability on Plaintiff's state law claims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

55. To the extent that the Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq.*

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

56. Punitive damages cannot be recovered against any defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

57. Plaintiffs' action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

58. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

59. Plaintiffs' claims are barred, in whole or in part, by their own contributory and comparative negligence and by assumption of risk.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

60. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

61. Plaintiffs provoked any incident.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

62. Plaintiffs may have failed to mitigate damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

63. There was probable cause for Plaintiffs' arrest, detention, and subsequent prosecution.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

64. There was probable cause for the search of Plaintiffs and/or their premises.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

65. To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish Defendants' official duties and to protect their own physical safety and the safety of others.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:

66. Service of process upon one or more of the defendants was insufficient or untimely pursuant to Rule 4(m).

**WHEREFORE,** defendants Imperatrice, Garrett, and Burke request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 31, 2016

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
*Attorney for Defendants Imperatrice, Garrett, and Burke*
100 Church Street, Room 3-176
New York, New York 10007
(212) 356-2347

By: _____/s/_____
Matthew Bridge
*Assistant Corporation Counsel*
Special Federal Litigation Division

TO: Kenneth F. Smith, Esq. (By E.C.F.)
16 Court Street, Suite 2901
Brooklyn, NY 11241

Index No. 16 Civ. 1449 (JMF)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAMONT GRANT, TORRELL GRANT, TYRONE PETERSON, DUANE SPENCER

        Plaintiffs,

      -against-

POLICE OFFICERS JOSEPH IMPERATRICE, (shield no. 03504); SPENCER GARRETT, (shield no. 16468); JONATHAN BURKE, (shield No. 04255) and "JOHN" and "JANE DOE" nos. 1-10, *individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown)*,

        Defendants.

---

**ANSWER TO COMPLAINT BY IMPERATRICE, GARRETT, AND BURKE**

---

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants Imperatrice, Garrett, and Burke*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Matthew Bridge*
*Tel: (212) 356-2347*
*NYCLIS No. 2016-010046*

---

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................................ , 2016*

*....................................................................................... Esq.*

*Attorney for............................................................................*